NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SARA MILSTEIN (Cal. Bar No. 313370)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8611
    Facsimile: (213) 894-3713
    E-mail:   sara.milstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>        v.<br><br>NATHAN WILSON,<br><br>      Defendant. | CR No. 20-00516-FMO-1<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT NATHAN WILSON'S MOTION TO DISMISS AND MOTION TO INSPECT GRAND JUROR SELECTION RECORDS; EXHIBITS A-C |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sara Milstein, hereby files its opposition to defendant Nathan Wilson's motion to dismiss and motion to inspect grand juror selection records pursuant, to 28 U.S.C. §§ 1867(a), (f).  (ECF No. 30.)

//

//

//

This opposition is based upon the attached memorandum of points and authorities, the attached exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 3, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
SARA MILSTEIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                          PAGE

TABLE OF AUTHORITIES...................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES...................................1

I.    INTRODUCTION....................................................1

II.   APPLICABLE LEGAL STANDARDS......................................2

      A.    Motions to Dismiss under the JSSA........................2

      B.    Overview of the Right to Access Certain Grand Jury
            Materials................................................3

      C.    Grand Jury Selection in the Central District of
            California...............................................4

III.  ARGUMENT.......................................................5

      A.    Defendant's Motion to Dismiss is Procedurally and
            Substantively Deficient..................................5

      B.    Because Defendant's Motion to Dismiss Should be
            Denied, His Motion for Grand Jury Materials Should
            Also be Denied...........................................6

      C.    In the Alternative, Defendant's Motion for Grand Jury
            Materials Should be Denied in Part and Granted in Part....7

IV.   CONCLUSION....................................................21

i

**TABLE OF AUTHORITIES**

<u>DESCRIPTION</u>                                                                        <u>PAGE</u>

Cases

<u>Douglas Oil Co. of California v. Petrol Stops Northwest, et al.</u>,

  441 U.S. 211 (1978) ................................................. 8

<u>Test v. United States</u>,

  420 U.S. 28 (1975) ................................................. 3

<u>United States v. Causey</u>,

  Criminal No. H-04-025, 2004 WL 1243912 (S.D. Tex. May 25, 2004)... 4

<u>United States v. Ciancia</u>,

  CR No. 13-902 PSG, 2015 WL 13798661 (C.D. Cal. 2015) ......... passim

<u>United States v. Davenport</u>,

  824 F.2d 1511 (7th Cir. 1987) ..................................... 3

<u>United States v. Diaz</u>,

  236 F.R.D. 470 (N.D. Cal. 2006) ............................. 4, 6, 8

<u>United States v. Gotti</u>,

  No. S8 02CR743(RCC), 2004 WL 2274712 (S.D.N.Y. 2004) ............. 4

<u>United States v. Green</u>,

  198 F.3d 255 (9th Cir. 1999) ..................................... 2

<u>United States v. Rice</u>,

  489 F. Supp. 2d 1312 (S.D. Ala. 2007) ........................... 4

<u>United States v. Savage</u>,

  CR Nos. 07-550-03, 07-550-04, 07-550-05, 07-550-06, 2012 WL 4616099

  (E.D. Pa. 2012) .................................................. 3

<u>United States v. Shader</u>,

  No. 20-cr-202, 2020 WL 4158059 (E.D.N.Y. July 17, 2020) .......... 3

<u>United States v. Swan</u>,

  No. CRIM. 03-36-01-B, 2003 WL 21799915 (D.N.H. July 22, 2003) ..... 4

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                 PAGE

Statutes

28 U.S.C. § 1863(a)...................................................... 11

28 U.S.C. § 1866(b)...................................................... 15

28 U.S.C. § 1867(d)....................................................... 5

28 U.S.C. § 1867(e)....................................................... 6

28 U.S.C. § 1867(f)................................................... 1, 3

28 U.S.C. § 1867(a)............................................. 1, 2, 3, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant has moved to dismiss the indictment and for access to 26 categories of information relating to the Court's grand juror selection methods and procedures.  (Def.'s Mot., ECF No. 30, ¶¶ 9, 16; Attachment 1 to the Decl. of Jeffrey Martin ("Att. 1"), ECF No. 30-1, ¶¶ 1-26.)  Defendant's motions to dismiss and for grand jury information rest on the theory that the Central District of California's grand jury procedures during the COVID-19 pandemic may have violated the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act (the "JSSA"), 28 U.S.C. §§ 1867(a), (f).

Defendant's motion to dismiss is deficient and should be denied. And because defendant's motion for grand jury information is in service of that motion to dismiss, it, too, should be denied.  If the Court chooses to entertain defendant's information requests, then the Court should hold that defendant has a right to some, but not all of the information he seeks.  The records to which defendant is entitled are clearly delineated in the Plan of the United States District Court, Central District of California, for the Random Selection of Grand and Petit Jurors (the "Jury Selection Plan").  (C.D. Cal. General Order No. 19-07, underline available at http://www.cacd.uscourts.gov/sites/default/files/ general-orders/GO%2019-07.pdf, filed on July 15, 2019, attached as Exhibit A.)  As further detailed below, those specific requests that coincide with the Jury Selection Plan should be granted.

As to all other information to which defendant is not expressly entitled under Jury Selection Plan the Jury Selection Plan provides

1  that defendant must apply to the Chief Judge of this Court with a

2  showing of particularized need for the information.  The government

3  is unaware that any such request has been made, and defendant's

4  current motion does not demonstrate any particularized need for the

5  information.  Accordingly, those specific requests should be denied.

6  **II.  APPLICABLE LEGAL STANDARDS**

7      **A.    Motions to Dismiss under the JSSA**

8      The JSSA permits a criminal defendant to move to dismiss the

9  indictment or stay the proceedings against him on the ground of

10  substantial failure to comply with the provisions of this title in

11  selecting the grand or petit jury.  (28 U.S.C. 1867(a).)  Such a

12  motion is "the exclusive means by which a person accused of a Federal

13  crime . . .  may challenge any jury on the ground that such jury was

14  not selected in conformity with the provisions of this title."  (28

15  U.S.C. §§ 1867(d), (e).)

16      The time frame for filing is not unlimited.  The statute

17  requires that any motion under § 1867(a) be made "within seven days

18  after the defendant discovered or could have discovered, by the

19  exercise of diligence, the grounds therefor," or before voir dire,

20  whichever is earlier.  (28 U.S.C. § 1867(a).)  "The time requirements

21  are strictly construed."  United States v. Rodriguez, No. SA CR 05-

22  00107 JVS,-2011 WL 13272819, at *3 (C.D. Cal. Aug. 26, 2011).

23      In addition, the motion must be accompanied by a "sworn

24  statement of facts which, if true, would constitute a substantial

25  failure to comply with the provisions of this title," before the

26  moving party can use non-public records regarding jury selection.

27

28

Failure to comply with the procedural requirements in § 1867 precludes a defendant from invoking the statutory remedy.  (United States v. Green, 198 F.3d 255 (9th Cir. 1999).)

**B.    Overview of the Right to Access Certain Grand Jury Materials**

The JSSA sets forth procedures for obtaining certain grand jury materials and challenging a court's compliance with jury selection procedures.  (See 28 U.S.C. § 1867(f).)  As relevant here, Subsection (f) prohibits disclosure of "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process," except "pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion" to dismiss for substantial failure to comply with the provisions of the JSSA in selecting the grand or petit jury.  (28 U.S.C. § 1867(a), (f).)  Where disclosure is appropriate, the parties are "allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion."  (28 U.S.C. § 1867(f).)

Consistent with the limits in the statute, courts have recognized that "[a]ccess to materials under the JSSA is not unfettered."  (United States v. Shader, No. 20-cr-202, 2020 WL 4158059, at *3 (E.D.N.Y. July 17, 2020).)  Indeed, courts in this District and elsewhere have routinely limited the scope of discovery available to defendants under Section 1867(f).  (See, e.g., United States v. Huizar, 2:20-CR-00326-JFW, ECF No. 71, attached as Exhibit B; United States v. Davenport, 824 F.2d 1511, 1514-15 (7th Cir. 1987) (finding that Test v. United States, 420 U.S. 28 (1975), did not hold that "completed juror questionnaires must be made available to

3

defendants in addition to jury lists"); United States v. Ciancia, CR
No. 13-902 PSG, 2015 WL 13798661, at *2 (C.D. Cal. 2015), attached as
Exhibit C; United States v. Savage, CR Nos. 07-550-03, 07-550-04, 07-
550-05, 07-550-06, 2012 WL 4616099 (E.D. Pa. 2012) (defendant was
"not entitled to unencumbered access to juror information"), quoting
United States v. Gotti, No. S8 02CR743(RCC), 2004 WL 2274712
(S.D.N.Y. 2004); United States v. Rice, 489 F. Supp. 2d 1312, 1316
(S.D. Ala. 2007) ("The [JSSA] is not a license for litigants to
rummage at will through all jury-related records maintained by the
Clerk of Court," and noting that after Test, "federal courts have
uniformly declined to allow unfettered access to all jury-related
documents and records"); United States v. Diaz, 236 F.R.D. 470, 482
(N.D. Cal. 2006) ("The right to discovery by the [JSSA] and Test is
not limitless."); United States v. Causey, Criminal No. H-04-025,
2004 WL 1243912, at *18 (S.D. Tex. May 25, 2004) ("Although
essentially unqualified the right of access to jury lists and other
Juror Selection Records is not without limitation."); United States
v. Swan, No. CRIM. 03-36-01-B, 2003 WL 21799915, at *1 (D.N.H. July
22, 2003) ("[T]o give a litigant an absolute right of routine access
to any and all records would expand the [JSSA] beyond its
boundaries." (citations omitted)).)

**C.    Grand Jury Selection in the Central District of California**

The procedure for selecting grand and petit juries in the
Central District of California is governed by the Jury Selection
Plan.  The Jury Selection Plan, which was drafted pursuant to the
JSSA, has been adopted by the judges of this District and approved by
the Judicial Council of the Ninth Circuit.  (See Jury Selection Plan,
at 1.)  Both the Jury Selection Plan and JSSA set forth procedures

1    that ensure grand and petit juries are selected at random from a fair

2    cross-section of the community.

3        The Central District's Jury Selection Plan defines the records

4    and papers used by the jury commission or clerk that are subject to

5    disclosure under Section 1867(f) as "Juror Selection Records." (See

6    Jury Selection Plan §§ 2-12.)  Juror Selection Records are limited to

7    those records expressly listed in paragraphs 3 through 7 and 12 of

8    the Jury Selection Plan. (See Jury Selection Plan §§ 3-7, 12; see

9    also Ciancia, 2015 WL 13798661, at *2.)

10        If a defendant seeks to obtain specified additional materials

11    outside of those identified in the Jury Selection Plan he or she may

12    do so only by submitting to the Chief Judge a sworn statement

13    consistent with the requirements of 28 U.S.C. § 1867(d). (Jury

14    Selection Plan § 12; see also Ciancia, 2015 WL 13798661, at *2.)

15    **III. ARGUMENT**

16        **A.    Defendant's Motion to Dismiss is Procedurally and**
17               **Substantively Deficient**

18        Defendant's motion to dismiss is also substantively and

19    procedurally deficient.  It fails to attach any sworn statement of

20    facts, let alone any statement that, if true, would constitute a

21    substantial failure to comply with the applicable statute. (See

22    Def.'s Mot. ¶ 16.)  Indeed, defendant tacitly concedes that this

23    motion is a discovery tool to determine whether the grand jury

24    venire, convened during the time of the COVID-19 pandemic, has

25    "significantly underrepresented Blacks, Hispanics, other persons of

26    color, and older individuals." (Def.'s Mot. ¶ 13.)  Such speculation

27    and innuendo is hardly sufficient.  And because defendant's motion

28

does not state any concrete grounds for dismissal, the government is unable to meaningfully respond.[1]

By noticing his motion to dismiss, defendant necessarily concedes that he has "discovered or could have discovered, by the exercise of diligence, the grounds" for that motion to dismiss.  (28 U.S.C. § 1867(a).)  At the same time, defendant forewarns that he intends to supplement his motion to dismiss at some unspecified later date.  (See Def.'s Mot. ¶ 16.)  Through this request, defendant asks the Court for extra-statutory permission to circumvent the unambiguous seven-day timeline that Section 1867(a) establishes.  But the statute leaves no room to file any motion longer than seven days after defendant discovered or could have discovered the grounds for his motion.  Having already filed that motion, defendant should not be permitted to circumvent the time limits set forth in the statute by tolling the seven-day period. Accordingly, defendant's motion should be denied on the merits, and his request to supplement his motion should be denied.

### B.  Because Defendant's Motion to Dismiss Should be Denied, His Motion for Grand Jury Materials Should Also be Denied

In conjunction with his motion to dismiss, defendant states that he seeks release of grand jury materials.  (Def.'s Mot. ¶ 14.)  As noted above, § 1867(f) gives defendants access to grand jury information solely for use in a motion under § 1867(a) to "dismiss the indictment or stay the proceedings."  Defendant has already noticed his motion to dismiss.  (See Def.'s Mot. ¶ 16.)  He therefore impermissibly seeks information for a motion he has already filed.

---

[1] The government respectfully seeks leave to respond if defendant is permitted to supplement his motion to dismiss.

The use of § 1867(f) as a vehicle to obtain discovery in support of a motion to quash the grand jury venire is not within JSSA's procedures and is improper.  See 28 U.S.C. § 1867(e) (procedures set forth in § 1867 are the "exclusive means" by which defendant can challenge grand jury selection failed to comply with JSSA); Diaz, 236 F.R.D. 470, 482 (noting disclosure requirements under § 1867(f) differ from disclosure for a constitutional claim).

For the reasons set forth above, defendant's motion to dismiss is substantively and procedurally deficient and should be denied.  If the Court denies defendant's motion to dismiss, then defendant's motion for grand jury information should also be denied because that motion would no longer be relevant to any motion under § 1867(a) to "dismiss the indictment or stay the proceedings."

C.  **In the Alternative, Defendant's Motion for Grand Jury Materials Should be Denied in Part and Granted in Part**

As provided above, the government argues that defendant's motion to dismiss and motion for grand jury materials are linked by operation of § 1867(a).  If, however, this Court chooses to consider defendant's motion for grand jury materials notwithstanding the deficient motion to dismiss, then the government believes that the former motion should be denied in part and granted in part.

Defendant's motion for grand jury materials requests access to 26 categories of grand jury records, some of which are related to the grand jury in his case and some of which are not.  (Att. 1 ¶¶ 1-26.) As delineated in the Jury Selection Plan and as detailed below, he is entitled to some, but not all, of these materials.  The government objects to defendant's inspection of any grand jury records not within the definition of "Juror Selection Records" in the Jury

7

Selection Plan and all documents that defendant has not shown to be necessary to the preparation of a motion to dismiss based upon substantial failure to comply with the JSSA in selecting the grand jury.

As an initial matter, defendant is entitled at this stage only to materials from the Master Jury Wheel from which a jury in his case was selected. (Jury Selection Plan § 12.) Some of defendant's requests expressly request records related to "persons selected as potential grand jurors in this case," which presumably refers to members of the empaneled grand jury; some requests refer generally to to "prospective jurors," "each summoned potential grand juror," and "each grand juror"; and in general, there are few date limitations. (See Att. 1 ¶¶ 1-26.)

Insofar as defendant's requests seek records that are not limited in time or are otherwise not restricted to "the Master Jury Wheel from which [the grand jury] in the case was selected," defendant is not entitled to those records ── including records that the Jury Selection Plan designates as Juror Selection Records ── absent a particularized showing to the Chief Judge of need for that information. (Jury Selection Plan § 12; see also Diaz, 236 F.R.D. at 482 (noting that the JSSA does not permit defendants to inspect past jury records, and limiting production to the jury wheel from which the defendants' jury was drawn).) If defendant ultimately mounts a constitutional challenge, he may then be entitled to records from other years, after first presenting evidence tending to show the existence of the essential elements of his challenge. (See Diaz, 236 F.R.D. at 482 (citing Douglas Oil Co. of California v. Petrol Stops Northwest, et al., 441 U.S. 211, 221 (1978).)

The grand jury in this case was seated in October 2020, as noted on the first page of the indictment in this case.  To the extent that defendant intended to seek records relating to the Master Jury Wheel for any year other than 2020, he is not entitled to that information, and the government objects to those requests.

    1.   <u>The Jury Selection Plan for the Central District of California currently in effect and, if different in any respect, at the time grand jurors were summoned in this case.  This Jury Selection Plan is believed to be the "The Plan of the United States District Court Central District of California, for the Random Selection of Grand and Petit Jurors" effective July 15th, 2019.  (Att. 1 ¶ 1.)</u>

The government believes that the Jury Selection Plan was the operative jury selection plan in place when the grand jurors were summoned in this case.

    2.   <u>Any sealed orders regarding jury list creation, procedures, challenges, or grand jury meeting procedures that have any applicability to this case. (Att. 1 ¶ 2.)</u>

The records defendant seeks, if they exist at all, do not constitute Juror Selection Records, as defined in the Jury Selection Plan.  (<u>See</u> Jury Selection Plan §§ 3, 4, 5, 6, 7, 12.)   This request should be denied.

    3.   <u>A description of any changes from the previous procedures or from the Jury Selection Plan for the grand jury or creation of the grand jury because of the Covid-19 pandemic.  (Att. 1 ¶ 3.)</u>

The records defendant seeks, if they exist at all, do not constitute Juror Selection Records, as defined in the Jury Selection Plan.  (<u>See</u> Jury Selection Plan §§ 3, 4, 5, 6, 7, 12.)   This request should be denied.

   4. <u>Any order of the Court that effects the previous
procedures or the Jury Selection Plan for the grand
jury or creation of the grand jury because of the
Covid-19 pandemic.  (Att. 1 ¶ 4.)</u>

  The records defendant seeks, if they exist at all, do not
constitute Juror Selection Records, as defined in the Jury Selection
Plan.  (<u>See</u> Jury Selection Plan §§ 3, 4, 5, 6, 7, 12.)  This request
should be denied.

   5. <u>The jury division chosen for the grand jury in this
case.  (Att. 1 ¶ 5.)</u>

  The government interprets this request to mean that defendant
seeks to know the composition of the indicting grand jury, defined by
county division.  Paragraph five of the Jury Selection plan addresses
how proportional representation is achieved.  The Jury Selection Plan
does not, however, appear to entitle defendant to the information he
seeks, and that request should be denied.  (<u>See</u> Jury Selection Plan
§ 5.)

  Instead, the Jury Selection Plan grants access to the following:
Merged Source Lists (as defined in paragraph 5 of the Jury Selection
plan); the list of names placed in the Master Jury Wheels; and any
Orders of the Chief Judge directing that a Master Jury Wheel be
supplemented with additional names.  (Jury Selection Plan § 5.)  To
the extent defendant requests access to these Juror Selection
Records, defendant's request should be granted.  Otherwise, the
request should be denied.

   6. <u>A description of reason for the choice of jury
division for the grand jury in this case.  (Att. 1
¶ 6.)</u>

  The government interprets this request to mean that defendant
seeks to know why the indicting grand jury's was composed as it was,

1  in terms of county division.    Paragraph five of the Jury Selection

2  plan addresses how proportional representation is achieved.    The Jury

3  Selection Plan does not, however, appear to entitle defendant to the

4  materials he seeks, if any materials exist at all.    (See Jury

5  Selection Plan § 5.)    This request should be denied.

6         7.    Any AO-12 form ("Report on Operation of the Jury
              Selection Plan") or JS-12 form created which relates
7             to the District and Divisional Master Jury Wheels and
              Qualified Jury Wheels that were used to summon the
8             grand jurors who returned the indictment in this case
              as required by 28 U.S.C. § 1863(a) and as described in
9             the Jury Selection Plan Section 12.    (Att. 1 ¶ 7.)

10       Defendant is entitled to AO-12 forms related to the Master Jury

11 Wheel used to summon the grand jurors who returned the indictment in

12 this case.    (Jury Selection Plan § 12.)    Although JS-12 forms are not

13 specifically identified in the Jury Selection Plan as Juror Selection

14 Records, courts in this District have previously granted the

15 production of JS-12 forms as Juror Selection Records on the ground

16 that they are similar to the AO-12 forms.    See Ex. C, Ciancia, 2015

17 WL 13798661, at *5, n.3.

18         8.    Any other statistical or demographic analyses produced
              to ensure the quality and compliance of the Master
19            Jury Wheels and Qualified Jury Wheels that were used
              to summon grand jurors in this case with the Jury
20            Selection Plan (especially Section 2), Jury Selection
              and Service Act and constitutional requirements. (Att.
21            1 ¶ 8.)

22       Statistical and demographic analyses are not Juror Selection

23 Records, as defined in the Jury Selection Plan.    (Jury Selection Plan

24 § 5; see also Ex. C, Ciancia, 2015 WL 13798661, at *5.)    Accordingly,

25 defendant is not entitled to these records absent a showing of

26 particularized need, which he has not presented to the Chief Judge of

27 this Court.    This request should be denied.

28

9.   The date when the Master Jury Wheel that was used to summon grand jurors in this case was refilled as described in the Jury Selection Plan Section 5.  (Att. 1 ¶ 9.)

Such records do not appear to be Juror Selection Records, as defined by the Jury Selection Plan including Section 6 of the Jury Selection Plan which articulates the specific summons-related data that must be retained as Juror Selection Records.  This request should be denied.

10.   A description or specification of and any analysis of the merging process described in the Jury Selection Plan Section 5.  (Att. 1 ¶ 10.)

Descriptions and analyses of the merging process are not Juror Selection Records, as defined in the Jury Selection Plan.  (Jury Selection Plan § 5; see also Ex. C, Ciancia, 2015 WL 13798661, at *5.)  This request should be denied.

Even if the records defendant seeks constituted Juror Selection Records, which they do not, defendant's request should be denied because the request is not limited in time.  As provided in the Jury Selection Plan, the right to inspect and copy Juror Selection Records regarding the Master Jury Wheel from which either the grand or petit jury in the case was selected.  (Jury Selection Plan § 12.)

11.   The calculation of proportionality of counties as described in the Jury Selection Plan Section 5. (Att. 1 ¶ 11.)

This calculation is not a Jury Selection Record as defined by the Jury Selection Plan. (Jury Selection Plan § 4; see also Ex. C, Ciancia, 2015 WL 13798661, at *5.)  Defendant is not entitled to these records absent a showing to the Chief Judge of particularized need.  This request should be denied.

Even if the records defendant seeks constituted Juror Selection Records, which they do not, defendant's request should be denied because the request is not limited in time.  As provided in the Jury Selection Plan, the right to inspect and copy Juror Selection Records regarding the Master Jury Wheel from which either the grand or petit jury in the case was selected.  (Jury Selection Plan § 12.)

12.  The General Order posted by the Clerk as described in the Jury Selection Plan Section 6.  (Att. 1. ¶ 12.)

The record defendant seeks does not constitute a Jury Selection Record, as defined in the Jury Selection Plan.  (See Jury Selection Plan §§ 3, 4, 5, 6, 7, 12.)  This request should be denied.

13.  The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable as described in the Jury Selection Plan Section 6.  (Att. 1. ¶ 13.)

Section 6 of the Jury Selection Plan clearly outlines the Juror Selection Records subject to disclosure under that section.  That exhaustive list does not include defendant's request for the procedures implemented by the Clerk.  (See Jury Selection Plan § 6.)

Even if the records defendant seeks constituted Juror Selection Records, which they do not, defendant's request should be denied because the request is not limited in time.  As provided in the Jury Selection Plan, the right to inspect and copy Juror Selection Records regarding the Master Jury Wheel from which either the grand or petit jury in the case was selected.  (Jury Selection Plan § 12.)

14.  The date when grand jurors were summoned in this case. (Att. 1. ¶ 14.)

Such records do not appear to be Juror Selection Records, as defined by the Jury Selection Plan including Section 6 of the Jury

13

Selection Plan which articulates the specific summons-related data that must be retained as Juror Selection Records. (See Jury Selection Plan § 6.) This request should be denied.

       15.  The number of persons summoned to be considered as grand jurors in this case. (Att. 1. ¶ 15.)

Section 6 of the Jury Selection Plan provides that the record containing the names of persons to whom a summons was sent is a Juror Selection Record. (See Jury Selection Plan § 6.) Defendant does not request the names, but rather, the number. While the number of summonses presumably could be ascertained from the list of names, it is for the Court to determine the administrative feasibility of providing the requested information in that format. Defendant's further request that the number of persons summonsed be broken down by jury division does not appear to request information characterized as a Jury Selection Record and thus should be denied. To the extent that defendant's request seeks records beyond those pertaining to the 2020 Master Jury Wheel, that portion of the request should be denied. (See Jury Selection Plan § 12.)

       16.  The District and Divisional Master Jury Wheel data as described in the Jury Selection Plan Section 5 in electronic and accessible form that includes Juror Number, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County and Jury Division. (Att. 1. ¶ 16.)

Section 5 of the Jury Selection Plan provides in part that Merged Source Lists, the list of names placed in the Master Jury Wheels and any Orders of the Chief Judge directing that a Master Jury Wheel be supplemented with additional names are Juror Selection Records. (See Jury Selection Plan § 5.) It is unclear from the Jury Selection Plan whether the Merged Source Lists contain all

information sought by defendant as to race, gender, ethnicity, year of birth, zip code, county, and jury division.  Nor does the Jury Selection Plan provide that any information be provided to defendant in any specific format, let alone the electronic and accessible format defendant requests.  Any such information not contained in the Merged Source Lists would not be a Jury Selection Record, and that portion of the request should be denied.

Moreover, to the extent that this request seeks Merged Source Lists as described in Section 5 of the Jury Selection Plan defendant has an unqualified right to that data only as it pertains to the specific grand jury involved in his case.  (See Jury Selection Plan § 5.)  However, defendant has not limited this request in time. Absent a showing of particularized need made to the Chief Judge, defendant is only entitled to Merged Source Lists for the specific grand jury involved in his case.

      17.  Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification and summoning who either had their qualification and summons form returned by the postal service, did not respond or were disqualified or exempted from jury service as described in the Jury Selection Plan Section 6. The data should be in electronic and accessible form that includes Juror Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.  (Att. 1. ¶ 17.)

Section 6 of the Jury Selection Plan provides in part that the affidavits of service completed pursuant to 28 U.S.C. § 1866(b), summons returned as undeliverable with its original envelope, and all submitted or returned Questionnaires are Juror Selection Records. (See Jury Selection Plan § 6.)  It does not appear that "status codes" are Juror Selection Records, nor is it clear that any such

15

records contain the information sought by defendant as to race, gender, ethnicity, year of birth, zip code, county, and jury division.  And the Jury Selection Plan provide that any information be provided to defendant in any specific format, let alone the electronic and accessible format defendant requests.  Any request for information not specified as a Jury Selection Record should be denied.

Even if the records defendant seeks constituted Juror Selection Records, which they do not, defendant's request should be denied because the request is not limited in time.  As provided in the Jury Selection Plan, the right to inspect and copy Juror Selection Records regarding the Master Jury Wheel from which either the grand or petit jury in the case was selected.  (Jury Selection Plan § 12.)

> 18.  <u>The Juror Number only (and not Name or Street Address)</u> <u>for persons selected as potential grand jurors in this</u> <u>case.  (Att. 1. ¶ 18.)</u>

It is not clear what, if any, Juror Selection Records defendant intends to seek by this request.  To the extent that he seeks to elicit, directly or indirectly, whether specific prospective jurors received a summons for a petit jury or a grand jury service, that information is not a Juror Selection Record.  (Jury Selection Plan § 6; <u>see also</u> Ex. C, <u>Ciancia</u>, 2015 WL 13798661, at *3.)  To the extent that defendant's request seeks information that is specifically defined in the Juror Plan as a Juror Selection Record — which is not clear from the face of the request — it should be date-limited and granted only as it pertains to the 2019 Master Jury Wheel.

19.    <u>The source of data in electronic form for the Master Jury Wheel used to summon grand jurors in this case as described in the Jury Selection Plan Section 4 (voter registration list and list of all licensed drives and holders of identification cards). The data should include, as available, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division but not any personal information or information that could be used to identify any individual such as Name or Street Address.  (Att. 1. ¶ 19.)</u>

To the extent defendant is requesting Source Data, as defined in the Jury Selection Plan Source Data is considered a juror selection record to which defendant is entitled.  (Jury Selection Plan § 4.) However, it is unclear from the Jury Selection Plan whether the Source Data contains all information sought by defendant as to race, gender, ethnicity, year of birth, zip code, county, and jury division.  Any such information not contained in the Source Data would not be considered a Jury Selection Record, and that portion of the request should be denied.

20.    <u>The record of the names of prospective jurors who fail to return the Questionnaire as described in the Jury Selection Plan Section 6.  (Att. 1. ¶ 20.)</u>

Section 6 of the Jury Selection Plan in part directs the Clerk to maintain, as a Juror Selection Record, a record of "whether each prospective juror submitted or returned a Questionnaire."  (Jury Selection Plan § 6.)  Insofar as defendant's request is limited to this Juror Selection record, and insofar as the request is limited only to the 2020 Master Jury Wheel only, then the request should be granted.  If, however, defendant seeks information about jurors for years other than 2020, that request should be denied.  (Jury Selection Plan § 12.)

21. <u>The record of the names of prospective jurors who fail to return the Questionnaire who were summoned for a personal interview before the Clerk as described in the Jury Selection Plan Section 6.  (Att. 1. ¶ 21.)</u>

While Section 6 of the Jury Selection Plan notes that "Prospective jurors who fail to return the Questionnaire or who submit Questionnaires requiring further investigation may be summoned for a personal interview," nothing in that section appears to define that information as a Juror Selection Record.  (Jury Selection Plan § 6.)  This request should be denied.

Even if the records defendant seeks constituted Juror Selection Records, which they do not, defendant's request should be denied because the request is not limited in time.  As provided in the Jury Selection Plan, the right to inspect and copy Juror Selection Records regarding the Master Jury Wheel from which either the grand or petit jury in the case was selected.  (Jury Selection Plan § 12.)

22. <u>The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.  (Att. 1. ¶ 22.)</u>

Section 6 of the Jury Selection Plan prescribes the procedures for sending and processing questionnaires and summons, and it details Juror Selection Records relating to the summons process.  Neither questionnaires nor summons forms are categorized as Juror Selection Records, and the request for this information should be denied. (Jury Selection Plan § 6; <u>see also</u> Ex. C, <u>Ciancia</u>, 2015 WL 13798661, at *3.)

23. <u>The disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification or selection as described in the Jury Selection Plan.  (Att. 1. ¶ 23.)</u>

Section 6 of the Jury Selection Plan categorizes as a Juror Selection Record the Court's record of "whether each prospective

18

juror was postponed, disqualified, exempted, or excused; whether each prospective juror was directed to report during the on-call period; and whether each prospective juror reported as directed." (Jury Selection Plan § 6.) To the extent that defendant's request seeks that information, his request should be granted as it pertains to the 2020 Master Jury Wheel only. Any request as to other years should be denied. (Jury Selection Plan § 12.)

Defendant's request for records relating to "selection" of specific grand jurors might be read to seek "the names of grand jurors chosen and sworn," which are not Juror Selection Records and which the Jury Selection Plan specifically provides shall not be disclosed except on order of the Court. (Jury Selection Plan § 8.) Further, as noted above, defendant is not as a matter of right entitled to information on whether specific summonses were for petit or grand jury service. (Jury Selection Plan § 6; <u>see also</u> Ex. C, <u>Ciancia</u>, 2015 WL 13798661, *3.)

24. <u>The attendance record and reason for absence by date for each grand juror. (Att. 1. ¶ 24.)</u>

This information is not a Juror Selection Record, and the request should be denied. Moreover, even if the records defendant seeks constituted Juror Selection Records, which they do not, defendant's request should be denied because the request is not limited in time. As provided in the Jury Selection Plan, the right to inspect and copy Juror Selection Records regarding the Master Jury Wheel from which either the grand or petit jury in the case was selected. (Jury Selection Plan § 12.)

25. <u>Any other statistics or records described in the Jury Selection Plan Section 12 which are not requested above.</u>  (Att. 1. ¶ 25.)

"Any other statistics or records" are not Juror Selection Records, as defined in the Jury Selection Plan.  (Jury Selection Plan § 5; <u>see also</u> Ex. C, <u>Ciancia</u>, 2015 WL 13798661, at *5.)  Accordingly, defendant is not entitled to these records absent a showing of particularized need, which he has not presented to the Chief Judge of this Court.  This request should be denied.

Even if the records defendant seeks constituted Juror Selection Records, which they do not, defendant's request should be denied because the request is not limited in time.  As provided in the Jury Selection Plan, the right to inspect and copy Juror Selection Records regarding the Master Jury Wheel from which either the grand or petit jury in the case was selected.  (Jury Selection Plan § 12.)

26. <u>Whether any grand jury proceedings, including empanelment, selection, convention, and deliberation of grand jurors, been conducted remotely (i.e., via video or teleconference).</u>  (Att. 1. ¶ 26.)

This request calls for information about the convention and deliberation of grand jurors.  This is not relevant to the empanelment or selection of grand jurors in this case.  Moreover, defendant has not made the particularized showing as to how this information bears on the assessment of filing a motion to dismiss the indictment for failure to comply with the JSSA.

Even if the records defendant seeks constituted Juror Selection Records, which they do not, defendant's request should be denied because the request is not limited in time.  As provided in the Jury Selection Plan, the right to inspect and copy Juror Selection Records

20

regarding the Master Jury Wheel from which either the grand or petit jury in the case was selected.  (Jury Selection Plan § 12.)

**IV.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion to dismiss and motion for grand jury records.  If this Court entertains defendant's motion for grand jury records notwithstanding the deficiencies in defendant's motion to dismiss, however, the government respectfully requests that this Court deny defendant's motion for grand jury records in part and grant it in part.